UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**STEVEN ANTHONY WALCOTT, JR.**          **CIVIL ACTION**

**VERSUS**          **NO. 13-71**

**OFFICER CRABTREE, ET AL.**          **SECTION "I" (3)**

## PARTIAL REPORT AND RECOMMENDATION

Plaintiff, Steven Anthony Walcott, Jr., filed this civil action against various defendants claiming that he was denied adequate medical care while incarcerated at the Terrebonne Parish Criminal Justice Complex. The United States Marshal was unable to serve two of those defendants, "Doctor Jamie" and Richard L. Stalder. The Marshal could not serve "Dr. Jamie" for lack of a complete name[1] and could not serve Stalder because plaintiff failed to provide a correct service address.[2] The Court notified plaintiff that the attempts at service were unsuccessful and ordered him to provide a full name for "Dr. Jamie" and correct service addresses for both the doctor and Stalder. The Court expressly warned plaintiff that noncompliance with that order or failure to show cause for noncompliance could result in dismissal of the claims against those defendants pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.[3] Plaintiff did not respond to that order.

In pertinent part, Rule 4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – *must* dismiss the action without prejudice against that defendant or order that service be made within a specified

---

[1] Rec. Doc. 12.

[2] Rec. Doc. 21. The Marshal attempted to serve Stalder at the Louisiana Department of Public Safety and Corrections; however, Stalder was no longer employed at the department.

[3] Rec. Doc. 55.

      time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed.R.Civ.P. 4(m) (emphasis added).

Plaintiff was granted pauper status in this lawsuit.[4] Therefore, he is entitled to have service effected by the United States Marshal. Fed.R.Civ.P. 4(c)(3). That fact, however, does not relieve plaintiff of all responsibility regarding service. Rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant *and attempt to remedy any apparent service defects of which a plaintiff has knowledge*." Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir. 1987) (emphasis added). Dismissal is appropriate when service has not been properly effected due to the inaction or dilatoriness of a plaintiff proceeding *in forma pauperis*. Id.

More than one hundred twenty days have elapsed since this lawsuit was filed. Despite the passage of that extensive period of time, plaintiff has not provided this Court or the United States Marshal with the information necessary to effect service on "Doctor Jamie" and Richard L. Stalder. The Court gave plaintiff notice of the fact that those defendants were not served, as well as an opportunity to cure that defect. Nevertheless, plaintiff has not cured the defect by providing the necessary service information, and, as a result, the United States Marshal cannot effect service. Therefore, the failure to serve "Doctor Jamie" and Richard L. Stalder results not from the actions or inactions of the Court or the United States Marshal, but rather solely from the inaction and dilatoriness of plaintiff.

Despite being given express notice that the claims against "Doctor Jamie" and Richard L. Stalder could be dismissed unless plaintiff provided the required information or showed good cause

---

[4] Rec. Doc. 3.

2

for failing to do so, he has failed to respond. Accordingly, this Court finds that dismissal of those claims is now appropriate. See, e.g., Armant v. Stalder, 351 Fed. App'x 958, 959 (5th Cir. 2009); Pines v. St. Tammany Parish Prison, Civ. Action No. 09-3113, 2009 WL 3347384 (E.D. La. Oct. 14, 2009).

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's claims against "Doctor Jamie" and Richard L. Stalder be **DISMISSED WITHOUT PREJUDICE** pursuant to Fed.R.Civ.P. 4(m).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[5]

New Orleans, Louisiana, this third day of December, 2013.

                                      **DANIEL E. KNOWLES, III**
                                      **UNITED STATES MAGISTRATE JUDGE**

---

[5] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.